UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LESTER THOMAS** | **CIVIL ACTION NO. 07-1588** |
| **VS.** | **SECTION P** |
| **WARDEN JOHN GUNTER, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a *pro se* civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on September 21, 2007, by pro se plaintiff Lester Thomas. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is incarcerated at the East Carroll Detention Center (ECDC), Lake Providence, Louisiana, and he complains that he has been denied adequate medical care. He sues ECDC Warden John Gunter and East Carroll Parish Sheriff Mark Shoemaker. He seeks a transfer to another facility and an unspecified amount of monetary damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

Plaintiff is an LDOC inmate confined at the ECDC. According to plaintiff, he suffers from Peripheral Artery Disease (PAD) and the condition continues to deteriorate. He claims that he has been in "steady pain" for five months. He claims that his written grievances seeking

1

medical treatment have been denied. An unnamed nurse has advised him that he does not need to be hospitalized. Instead, the nurse has advised him to take ibuprofen for relief. Plaintiff claims that he can "beary work."

*Law and Analysis*

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v.*

*Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint recites the facts relied upon to support his specific theories of liability. Therefore, further amendment of these pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that the plaintiff's claims are frivolous.

*2. Medical Care*

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a

significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from <u>a negligent or even a grossly negligent response</u> to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

      Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. Plaintiff has not alleged that either Warden Gunter or Sheriff Shoemaker were aware of facts from which an inference of substantial risk of serious harm could be drawn.  Further, even if he had made such a showing, he has failed to show that anyone actually drew such an inference and that their response to his complaints indicated that they subjectively intended that harm occur to him. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001).

      In addition,  whether these defendants, or the unnamed nurse who has examined plaintiff, "should have perceived" a risk of harm to plaintiff, but did not, is of no moment since  "...the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105

F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

Plaintiff's allegations of fact have been accepted as true for the purposes of this report. The complaint reveals that the nurse at the facility has examined plaintiff and concluded that he need not be hospitalized; further, the complaint reveals that plaintiff has been offered and provided ibuprofen to treat the pain in his legs.[1] Plaintiff, of course, disagrees with this diagnosis and the efficacy of treatment provided; however, his disagreement with diagnosis and treatment is insufficient to state a claim for deliberate indifference. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

In short, the facts alleged herein, taken as true for the purposes of this report, do not establish that the defendants were deliberately indifferent to a serious medical need.  Plaintiff's claims are therefore frivolous and dismissal on that basis is recommended.

---

[1] Peripheral arterial disease or PAD, is a form of arteriosclerosis of the extremities – a disease of the blood vessels characterized by narrowing and hardening of the arteries that supply the legs and feet. This causes a decrease in blood flow that can injure nerves and other tissues. This is a common disorder, usually affecting men over 50 years old. Treatment focuses on the relief of symptoms and self-care to improve circulation. Medications may be required to control the disorder, including pain relievers, blood thinners, and medications to enlarge (dilate) the affected artery or arteries.  Exercise must be balanced with rest. Walking or other activity, performed to the point of pain and alternated with rest periods, is often recommended. Over time, circulation improves because of the development of collateral (new, small) blood vessels. Patients suffering from PAD should cease smoking since smoking constricts arteries, decreases the blood's ability to carry oxygen and increases the risk of forming clots (thrombi and emboli). Foot care is particularly important if diabetes is also present. Wear shoes that fit properly. Pay attention to any cuts, scrapes or injury -- the tissues heal slowly when there is decreased circulation and are prone to infection. See Medline, Plus, A Service of the United States National Library of Medicine and the National Institutes of Health at http://www.nlm.nih.gov/medlineplus/ency/article/000170.htm.

Ibuprofen, the medication provided to the plaintiff, is a medication in a class of medications called NSAIDs (Non-steroidal anti-inflammatory drugs. It works by stopping the body's production of a substance that causes pain, fever, and inflammation. It is often used to relieve pain, tenderness, swelling, and stiffness caused by osteoarthritis (arthritis caused by a breakdown of the lining of the joints) and rheumatoid arthritis (arthritis caused by swelling of the lining of the joints). It is also used to relieve mild to moderate pain. Nonprescription ibuprofen is used to reduce fever and to relieve mild pain from headaches, muscle aches, arthritis, menstrual periods, the common cold, toothaches, and backaches. Medline Plus, supra at  http://www.nlm.nih.gov/medlineplus/druginfo/medmaster/a682159.html.

_____Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(d)(2)(b)(i) and (ii) and § 1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers at Monroe, Louisiana, November 1, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE